# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JOHN LOUIS TURNER,

    Petitioner,

v.

OHIO BUREAU OF PRISONS,

    Respondents.

CASE NO. 2:18-CV-484
JUDGE MICHAEL H. WATSON
Magistrate Judge Kimberly A. Jolson

## ORDER and REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). After Petitioner failed to comply with this Court's May 22, 2018, Order directing him to pay the required filing fee or submit an application to proceed *in forma pauperis* (Doc. 4), the Undersigned issued a Report and Recommendation on June 28, 2018 (Doc. 5), recommending that the petition be dismissed for failure to prosecute. Petitioner thereafter submitted a meritorious application to proceed *in forma pauperis*. (Doc. 6). Accordingly, the Court **VACATES** its June 28, 2018, Report and Recommendation (Doc. 5), and **GRANTS** Petitioner's application to proceed without prepayment of fees or costs (Doc. 6).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), the Court must now conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4. If it does so appear, the petition must be dismissed. *Id*. Rule 4 applies to habeas corpus petitions filed under 28 U.S.C. § 2254 and § 2241. *Evans v. U.S. Marshal Serv.*, No. 2:14-CV-1451, 2015 WL 1476654, at *2 (S.D. Ohio Mar. 31, 2015). In

addition, 28 U.S.C. § 2243 provides that a district court may summarily dismiss a habeas petition if it appears that a petitioner is not entitled to relief. *See Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001). For the following reasons, it appears that Petitioner is not entitled to relief because his claims are not cognizable. Accordingly, the Undersigned **RECOMMENDS** that this action be **DISMISSED**.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner is currently incarcerated at the Pickaway Correctional Institute in Orient, Ohio. (Doc. 1). Petitioner indicates his incarceration stems from a sentence imposed by the Court of Common Pleas for Lake County, Ohio, in a case docketed there as *State of Ohio v. John L. Turner*, 14-CR-000533. The petition does not include many details about Petitioner's state court case. The Lake County Clerk of Court's on-line docket indicates, however, that Petitioner was tried and convicted of seven counts of theft and one count of intimidation in violation of Ohio's criminal code. The on-line docket further indicates that on October 1, 2015, Petitioner was sentenced to twelve months for each of the seven theft counts and eighteen months for the single count of intimidation, to be served consecutively for a total of 102 months. The on-line docket also reveals that Petitioner was given credit for 322 days of time that he had already served.

In the petition, Petitioner alleges that the state trial court denied him full credit for the time that he was detained prior to the imposition of his sentence in violation of Ohio Revised Code Section 2967.191, and Section 5120-2-04 of the Ohio Administrative Code. (Doc. 1, at PAGE ID ## 2, 3). Petitioner seeks three million dollars, a reduction of his state prison term, and an earlier release date. (Doc. 1, at PAGE ID # 2).

## II. LAW AND ANALYSIS

As a preliminary matter, 28 U.S.C. § 2254, instead of § 2241, governs Petitioner's claims. Section 2254 applies whenever a petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (explaining that although a federal prisoner may collaterally attack the lawfulness of a sentence under 28 U.S.C. § 2255 and the execution of a sentence under § 2241, a state court prisoner can use § 2254 to assert both types of challenges). Section 2241 can be used by state prisoners to challenge the imposition of pretrial custody even though a final judgment has not been rendered. *Atkins v. Michigan,* 644 F.2d 543, 546 and n. 1 (6th Cir. 1981), *cert. denied,* 452 U.S. 964 (1981); *see also Fisher v. Rose*, 757 F.2d 789, 792 n.2 (6th Cir. 1985); *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir.1981). Petitioner does not, however, allege that he is a state pretrial detainee.

Regardless of whether he proceeds under § 2254 or § 2241, Petitioner's claims fail because he has not stated a cognizable claim. In a federal habeas case, the Court's review is limited to consideration of claims alleging a violation of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on a "perceived error of state law" fall outside the scope of the Court's review and, therefore, do not constitute cognizable grounds for federal habeas relief. *See id.*; *see also Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) (noting that "it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (holding that "a federal court may not issue the writ based on a perceived error of state law").

Petitioner alleges that the jail time credit that he received was not properly added. (Doc. 1, at PAGE ID # 4.) But "[t]he 'actual computation of [a prisoner's] term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254.'" *Haskell v. Berghuis*, 511 F. App'x 538,

551 (6th Cir. 2013) (citing *Kipen v. Renico,* 65 F. App'x 958, 959 (6th Cir.2003)). A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (finding that petitioner's claim that a state trial court erroneously denied him credit for the time that he was detained prior to sentencing was not cognizable in a federal habeas action).

As for Petitioner's demand that he be awarded three million dollars, money damages are unavailable in a federal habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (noting that the traditional purpose of habeas corpus is to attack the fact or length of confinement and that "[i]n the case of a damages claim, habeas corpus is not an appropriate or available federal remedy").

### III.     RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED** because Petitioner's claims are not cognizable.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report

and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

Date: July 30, 2018              /s/ Kimberly A. Jolson
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE